**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| MARIO NUNEZ, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | Case No. 13 C 1969 |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM OPINION AND ORDER**

AMY J. ST. EVE, District Court Judge:

Before the Court is pro se Petitioner Mario Nunez's motion to vacate, set aside, or

correct his sentence pursuant to 28 U.S.C. § 2255. For the following reasons, the Court denies

Nunez's Section 2255 motion and declines to certify any issues for appeal pursuant to 28 U.S.C.

§ 2253(c)(2).[1]

**BACKGROUND**

On January 6, 2011, a grand jury returned a seven-count second superseding indictment

charging Nunez with: (1) conspiring to possess with intent to distribute and to distribute 500

grams or more of cocaine in violation of 21 U.S.C. § 846 (Count 1); (2) distribution of cocaine in

violation of 21 U.S.C. § 841(a)(1) (Count 2); (3) possession with intent to distribute cocaine in

violation of 21 U.S.C. § 841(a)(1) (Count 6); and (4) using a telephone to commit a narcotics

trafficking crime in violation of 21 U.S.C. § 843(b) (Counts 3, 4, 5, and 7.) On January 26,

2011, a jury convicted Nunez on all counts, and found, as to Count 1, that the conspiracy

---

[1] Petitioner's reply brief was due on or before May 3, 2013. To date, Petitioner has yet
to file his reply brief.

involved a measurable amount, but less than 500 grams of cocaine. On April 11, 2011, the Court sentenced Nunez to serve 85 months in prison on Counts 1, 2, and 6, and 48 months in prison on Counts 3, 4, 5, and 7 to run concurrently. The Court entered its judgment and commitment order on April 19, 2011 and Nunez timely filed a notice of appeal on that same day.

On appeal, Nunez challenged his conviction on Count 1, and by implication, the attendant phone counts charged in Counts 4 and 5 of the second superseding indictment. Specifically, Nunez raised two issues on appeal: (1) whether there was sufficient evidence to support the jury's verdict that he was in a conspiracy with his cocaine supplier rather than part of a buyer-seller relationship; and (2) whether the Court abused its discretion in denying his motion for a new trial brought pursuant to Federal Rule of Criminal Procedure 33. *See United States v. Nunez*, 673 F.3d 661 (7th Cir. 2012). On March 9, 2012, the Seventh Circuit affirmed Nunez's conviction. Nunez did not file a petition for writ of certiorari with the United States Supreme Court.

## LEGAL STANDARD

"[R]elief under § 2255 is an extraordinary remedy because it asks the district court essentially to reopen the criminal process to a person who already has had an opportunity for full process." *Almonacid v. United States,* 476 F.3d 518, 521 (7th Cir. 2007); *see also Bousley v. United States,* 523 U.S. 614, 621, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998). Under Section 2255, relief "is available only when the 'sentence was imposed in violation of the Constitution or laws of the United States,' the court lacked jurisdiction, the sentence was greater than the maximum authorized by law, or it is otherwise subject to collateral attack." *Torzala v. United States,* 545 F.3d 517, 521 (7th Cir. 2008) (quoting 28 U.S.C. § 2255). A Section 2255 motion is not a

substitute for a direct criminal appeal nor is it a means by which a defendant may appeal the same claims a second time. *See Bousley*, 523 U.S. at 621 (relief under 2255 "will not be allowed to do service for an appeal"); *Varela v. United States,* 481 F.3d 932, 935 (7th Cir. 2007) (Section 2255 motion is "neither a recapitulation of nor a substitute for a direct appeal.") (citation omitted).

If a Section 2255 petitioner does not raise a claim on direct appeal, that claim is barred from the Court's collateral review unless the petitioner can demonstrate cause for the procedural default and actual prejudice from the failure to appeal, *see Turner v. United States,* 693 F.3d 756, 758 (7th Cir. 2012), or that enforcing the procedural default would lead to a "fundamental miscarriage of justice." *United States v. Fleming,* 676 F.3d 621, 625 (7th Cir. 2012). The Supreme Court defines cause sufficient to excuse procedural default as "some objective factor external to the defense" which prevents a petitioner from pursuing his constitutional claim. *See Murray v. Carrier,* 477 U.S. 478, 492, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986); *see also Promotor v. Pollard,* 628 F.3d 878, 887 (7th Cir. 2010). Prejudice means actual prejudice infecting the "entire trial with error of constitutional dimensions." *Murray*, 477 U.S. at 494 (citation omitted); *Promotor,* 628 F.3d at 887. A fundamental miscarriage of justice occurs when a petitioner establishes that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray,* 477 U.S. at 496; *see also Schlup v. Delo,* 513 U.S. 298, 324, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995). Because claims of ineffective assistance of counsel often involve evidence outside of the trial record, such claims may be brought for the first time in a Section 2255 motion. *See Massaro v. United States,* 538 U.S. 500,

504, 123 S.Ct. 1690, 155 L.Ed.2d 714 (2003); *United States v. Waltower,* 643 F.3d 572, 579 (7th Cir. 2011).

## ANALYSIS

Construing Nunez's pro se Section 2255 motion liberally, *see Ray v. Clements,* 700 F.3d 993, 1003 (7th Cir. 2012), he brings the following claims:  (1) his sentence should be vacated or set aside due to certain mitigating factors, including that he is the father of four young children and has not been able to interact with his children since his incarceration; and (2) the Court erred when it found that he was responsible for distribution of over 500 grams of cocaine at sentencing because the jury found that he was responsible for less than 500 grams of cocaine during the conspiracy as charged in Count 1.

## I.      Procedural Default

Nunez has procedurally defaulted his Section 2255 claims because he did not raise them on direct appeal to the Seventh Circuit.  In fact, in his Section 2255 motion, Nunez admits that he did not raise these claims on appeal.  Moreover, Nunez has failed to argue, let alone establish, that his procedural default is excepted, namely, that there is cause for the procedural default and actual prejudice from the failure to appeal or that enforcing the procedural default would lead to a "fundamental miscarriage of justice."  *See Turner*, 693 F.3d at 758; *Fleming,* 676 F.3d at 625. Nevertheless, construing Nunez's Section 2255 claims liberally, *see Ray,* 700 F.3d at 1003, the Court examines his claims in the context of whether his trial and appellate counsel were constitutionally ineffective for failing to pursue these defaulted claims.

II.     **Merits Determination**

A.      **Mitigating Factors**

In his Section 2255 motion, Nunez states that his trial attorney did not present certain

mitigating factors at sentencing.  The Court determines whether Nunez's trial counsel provided

constitutionally ineffective assistance for failing to raise mitigating circumstances at sentencing

pursuant *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).  Under

*Strickland*, Nunez must show that (1) his trial attorney's performance "fell below an objective

standard of reasonableness," and (2) "but for counsel's unprofessional errors the result of the

proceeding would have been different."  *Id.* at 688, 694.  To reflect the wide range of competent

legal strategies and to avoid the pitfalls of review in hindsight, [the Court's] review of an

attorney's performance is highly deferential and reflects a strong presumption that counsel's

conduct falls within the wide range of reasonable professional assistance."  *Yu Tian Li v. United

States,* 648 F.3d 524, 527-28 (7th Cir. 2011).  To establish prejudice, it is not enough "to show

that the errors had some conceivable effect on the outcome of the proceeding," instead trial

counsel's errors must be "so serious as to deprive the defendant of a fair trial, a trial whose result

is reliable."  *Morgan v. Hardy,* 662 F.3d 790, 802 (7th Cir. 2011) (quoting *Strickland*, 466 U.S.

at 687, 693).  If Nunez fails to make a proper showing under one of the *Strickland* prongs, the

Court need not consider the other.  *See Strickland,* 466 U.S. at 697 ("In particular, a court need

not determine whether counsel's performance was deficient before examining the prejudice

suffered by the defendant").

Here, Nunez's trial counsel did present mitigating factors at sentencing specifically

explaining Nunez's relationship to his children, his need to support his children, and the hardship

Nunez's incarceration would cause his relationship with his children. (R. 93, Def.'s Sent. Mem., at 7-8.) Counsel discussed other 18 U.S.C. § 3553(a) factors in Nunez's sentencing memorandum, including Nunez's troubled childhood. (*Id.*) At the sentencing hearing, trial counsel referred to Nunez's family background by referencing the Presentence Report and made several mitigating factor arguments, including Nunez's family situation and his lack of serious criminal history. (R. 115, Sent. Tr., at 19-22.) Therefore, Nunez's argument that his counsel failed to raise mitigating factors at sentencing, including his relationship to his children, has no factual basis. As such, Nunez's ineffective assistance of trial counsel argument fails.

### B.    Drug Quantities

Next, construing Nunez's pro se Section 2255 motion liberally, he maintains that his appellate attorney failed to appeal the drug amounts in regard to his sentence, namely, that the Court erred when it found that he was responsible for distribution of over 500 grams of cocaine at sentencing because the jury found that he was responsible for less than 500 grams of cocaine during the conspiracy.

As with ineffective assistance of trial counsel claims, courts apply the two-prong test set forth in *Strickland* to evaluate the effectiveness of appellate counsel. *See Warren v. Baenen,* ___ F.3d ___, 2013 WL 1316905 (7th Cir. Apr. 3, 2013); *Suggs v. United States*, 513 F.3d 675, 678 (7th Cir. 2008). Under the *Strickland* performance prong, an appellate counsel's performance is constitutionally deficient if counsel fails to appeal an issue that is obvious and clearly stronger than the claims counsel raised on appeal. *See Johnson v. Thurmer,* 624 F.3d 786, 793 (7th Cir. 2010). In this context, appellate counsel need not raise every non-frivolous claim, but should select among claims to maximize the likelihood of success on appeal. *See Smith v. Robbins,* 528

U.S. 259, 288, 120 S.Ct. 746, 145 L.Ed.2d 756 (2000); *McNary v. Lemke,* 708 F.3d 905, 920 (7th Cir. 2013). To establish the *Strickland* prejudice prong, Nunez must show that "there is a reasonable probability that the issue his appellate attorney failed to raise would have altered the outcome of the appeal, had it been raised." *Brown v. Finnan,* 598 F.3d 416, 425 (7th Cir. 2010).

As to the first prong of the *Strickland* standard, appealing the drug amount attributable to Nunez at sentencing is not an obvious and clearly stronger argument than the arguments counsel raised on appeal. "Federal drug statutes that impose mandatory minimum sentences for federal drug crimes determine the length of a minimum sentence based upon the kind and amount of the drug involved." *United States v. Jones,* 696 F.3d 695, 699 (7th Cir. 2012); *see also* 21 U.S.C. § 821(b)(1)(A). The drug amount found by a jury may trigger a mandatory minimum sentence. *See United States v. Johnson,* 680 F.3d 966, 927 (7th Cir. 2012); *United States v. Fisher,* 646 F.3d 429, 433 (7th Cir. 2011). The "drug type and quantity are not elements of the offense," however, but rather "factors to be considered at sentencing." *Id.* (citations omitted). A sentencing court can find a defendant responsible for a greater amount of drugs than reflected in a jury's verdict — as long as the sentence does not exceed the statutory maximum. *See United States v. Goodwin,* 496 F.3d 636, 643 (7th Cir. 2007). For sentencing purposes, a criminal defendant convicted of a drug trafficking conspiracy is liable for the reasonably foreseeable quantity of drugs sold by his or her co-conspirators." *United States v. Davis,* 682 F.3d 596, 612 (7th Cir. 2012); *see also Nunez,* 673 F.3d at 662.

Because district courts can find a defendant responsible for a greater drug amount at sentencing than a jury finds at trial, any such argument was not obvious and clearly stronger than appellate counsel's strategic choice to bring the buyer-seller argument on appeal, which the

Seventh Circuit acknowledged as a close question. *See Nunez*, 673 F.3d at 664. Furthermore, at sentencing, the Court carefully noted the basis for its drug calculation, including the credibility of the testimony of the government's cooperating witness and Nunez's drug supplier.

It is well-established that appellate counsel is not required to raise every non-frivolous issue on appeal. *See McNary,* 708 F.3d at 920; *Martin v. Evans,* 384 F.3d 848, 852 (7th Cir. 2004). As the Supreme Court teaches, "[e]xperienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues." *Jones v. Barnes,* 463 U.S. 745, 751-52, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983). Here, appellate counsel's strategic choice not to challenge the drug quantities on appeal does not amount to a constitutionally deficient performance. *See Mosley v. Atchison,* 689 F.3d 838, 848 (7th Cir. 2012) ("*Strickland* establishes a deferential presumption that strategic judgments made by defense counsel are reasonable.").

Because Nunez has failed to establish that his appellate counsel's performance was constitutionally inadequate under the first *Strickland* prong, the Court need not address whether Nunez was prejudiced under the second *Strickland* prong. *See United States v. Taylor,* 569 F.3d 742, 748 (7th Cir. 2009) ("*Strickland's* two-part test requires both deficient performance and prejudice."). Therefore, Nunez's ineffective assistance of appellate counsel claim fails.

## III. Evidentiary Hearing

In addition, the Court need not hold an evidentiary hearing under the circumstances because the motion, files, and records of this case conclusively establish that Nunez is not entitled to any relief under Section 2255. *See Yu Tian Li,* 648 F.3d at 532; 28 U.S.C. § 2255(b).

**IV.** **Certificate of Appealability**

Under the 2009 Amendments to Rule 11(a) of the Rules Governing Section 2255

Proceedings, the "district court must issue or deny a certificate of appealability when it enters a

final order adverse to the applicant." Therefore, the Court must determine whether to grant

Nunez a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(2) in the present

Memorandum, Opinion, and Order. *See Gonzalez v. Thaler,* ___ U.S. ___, 132 S.Ct. 641, 649

n.5, 181 L.Ed.2d 619 (2012).

Under 28 U.S.C. § 2253(c)(2), a petitioner does not have the absolute right to appeal a

district court's denial of his Section 2255 motion, instead, he must first request a certificate of

appealability. *See Miller-El v. Cockrell,* 537 U.S. 322, 335, 123 S.Ct. 1029, 154 L.Ed.2d 931

(2003); *Fleming,* 676 F.3d at 624. A petitioner is entitled to a certificate of appealability only if

he can make a substantial showing of the denial of a constitutional right. *See Miller-El,* 537 U.S.

at 336; *Narvaez v. United States,* 641 F.3d 877, 881 (7th Cir. 2011); 28 U.S.C. § 2253(c)(2).

Under this standard, Nunez must demonstrate that "reasonable jurists could debate whether (or,

for that matter, agree that) the petition should have been resolved in a different manner or that

the issues presented were adequate to deserve encouragement to proceed further." *Miller-El,*

537 U.S. at 336 (quoting *Slack v. McDaniel,* 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d

542 (2000)). In cases where a district court denies a Section 2255 claim on procedural grounds,

a certificate of appealability should issue only if the petitioner shows that (1) jurists of reason

would find it debatable whether the petition states a valid claim of the denial of a constitutional

right, and (2) jurists of reason would find it debatable whether the district court was correct in its

procedural ruling. *See Slack,* 529 U.S. at 485.

9

Here, Nunez has not established that jurists of reason would debate that his Section 2255 motion should have been resolved differently in light of the fact that he procedurally defaulted his claims by not raising them on direct appeal to the Seventh Circuit. Furthermore, Nunez has not established that jurists of reason would debate the Court's conclusion — based on a liberal reading of his Section 2255 motion — that his trial and appellate counsel provided constitutionally ineffective assistance of counsel. As such, the Court declines to certify any issues for appeal.

## CONCLUSION

For these reasons, the Court denies Petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 and declines to certify any issues for appeal pursuant to 28 U.S.C. § 2253(c)(2).

**Dated:** May 10, 2013

**ENTERED**

**AMY J. ST EVE**
**United States District Court Judge**